UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex *rel.* } <br> BILLY JOE HUNT, } <br> } <br>    Plaintiffs, } <br> } <br> v. } <br> } <br> COCHISE CONSULTANCY, INC., d/b/a } <br> COCHISE SECURITY, } <br> } <br>    Defendants. } | Case No.: 5:13-cv-02168-RDP |

## MEMORANDUM OPINION

This matter is before the court on (1) Defendant Cochise Consultancy, Inc.'s Motion to Dismiss (Doc. # 35), and (2) Defendant The Parsons Corporation's Motion to Dismiss (Doc. # 50). In their Motions, Defendants have moved to dismiss Billy Joe Hunt's ("Relator Hunt") Complaint under the statute of limitations applicable to the federal False Claims Act found at 31 U.S.C. § 3731(b).[1] The Motions have been fully briefed. (Docs. # 48, 49, 51, 59 and 60).[2]

**I.     Background**

Relator Hunt's Complaint alleges that Parsons and Cochise fraudulently agreed for a government subcontract to be awarded to Cochise on February 21, 2006. The Complaint alleges that, as a result of that fraudulent scheme, Parsons and Cochise caused the United States Government to pay false claims between February 2006 and September 2006. The Complaint

---

[1] Defendants also move to dismiss on the basis that, they argue, Relator Hunt has failed to allege his claims with sufficient particularity. Relator Hunt is correct that dismissal on this basis would be inappropriate without allowing him an opportunity to replead. (Doc. # 59 at 2).

[2] On January 29, 2015, the United States notified the court of its election to decline intervention. (Doc. # 9).

further alleges that Parsons and Cochise continued the same fraudulent conduct to continue receiving subcontracts until early 2007. (Doc. # 1).

## II.     The Applicable Statute of Limitations

The FCA provides that:

(b) A civil action under section 3730 may not be brought—

(1) more than 6 years after the date on which the violation of section 3729 is committed, or

(2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

whichever occurs last.

31 U.S.C. § 3731(b).

Relator Hunt's Complaint was filed on November 27, 2013, over six years after the occurrence of the conduct that Relator Hunt claims is fraudulent. (Doc. # 1). Defendants have moved to dismiss Relator Hunt's Complaint as barred by the applicable statute of limitations found at 31 U.S.C. § 3731(b). Relator Hunt concedes that his Complaint is barred under the six-year statute of limitations found in § 3731(b)(1),[3] but argues that the Complaint should still be deemed viable under the alternative three-year statute of limitations provided for in section 3731(b)(2). (Docs. # 48 and 59).

Relator Hunt's Response to Cochise's Motion makes clear that he first notified officials of the United States of the fraud allegations discussed in his Complaint on November 30, 2010. (Doc. # 48 at 3). However, his Response to both Motions avoids discussing in any detail the undisputed allegation that he was at least aware of, if not involved in, the fraudulent scheme as it

---

[3] He further concedes that Wartime Suspension of Limitations Act ("WSLA"), 18 U.S.C. § 3287, does not operate to toll statutes for civil actions such as those under the FCA. *Kellog Brown & Root Servs., Inc. v. Carter*, 135 S. Ct. 1970, 1975-78 (2015).

2

was occurring in 2006. (Doc. # 48-1 at 25). Indeed, he reported as much to the Federal Bureau of Investigations on or about November 30, 2010. ("On February 14, 2006, Hunt was called into Army Corps of Engineers Program Manager Wayne Shaw's (Shaw) office. Shaw told Hunt to make sure the security contract was awarded to Cochise or Hunt could get out of Kuwait.")[4] (Doc. # 48-1 at 25).

Defendants' statute of limitations arguments require this court to interpret the relevant limitations provisions of the FCA. Federal courts have three differing interpretations of the FCA's statute of limitations. The first interpretation holds that section 3731(b)(2) simply does not apply to relators. *See, e.g., U.S. ex rel. Griffith v. Conn*, 117 F. Supp. 3d 961, 985 (E.D. Ky. 2015); *U.S. ex rel. Bauchwitz v. Holloman*, 671 F.Supp. 2d 674, 693-94 (E.D. Pa. 2009). The second provides that section 3731(b)(2) applies to qui tam relators/plaintiffs, but the limitations period runs from the date the relator/plaintiff knew or reasonably should have known of the facts material to the right of action. *See, e.g., U.S. ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1218 (9th Cir. 1996). And, under the third interpretation, relators are entitled to the ten-year outer limit of section 3731(b)(2), and the tolling clock does not begin to run until the government knew or should know about the right of action. *See, e.g., U.S. ex rel. Ven-A-Care v. Actavis Mid Atl. LLC*, 659 F. Supp. 2d 262, 274 (D. Mass. 2009).

The Eleventh Circuit has not weighed in on whether a Relator is entitled to take advantage of the FCA's three-year statutory tolling provision in a published decision.[5] But other Circuits have addressed the issue. In a case involving the FCA's statute of limitations, the Third

---

[4] In another matter around this same time, Hunt reported to the FBI that he "received approximately $300,000 in kickbacks" from another contractor. (Doc. # 48-1 at 15). On or about May 8, 2012, Relator Hunt pleaded guilty to one violation of 18 U.S.C. § 371 (Conspiracy to Commit Wire Fraud, Mail Fraud and to Engage in Unlawful Kickbacks) and one violation of 26 U.S.C. § 7206(1) (Filing a False Tax Return). (Case No. 5:11-cr-00382-AKK-TMP, Docs. # 13, 21).

[5] *But see Foster v. Savannah Commc'n*, 140 Fed.App'x. 905, 907 (11th Cir. 2005) (applying only the six-year statute of limitations to the relator's claim without discussing § 3731(b)(2)).

Circuit in *U.S. ex rel. Malloy v. Telephonics Corp.*, stated (in dicta) that the point in time when the relator became aware of the defendant's alleged fraud "is important, because it determines whether we apply the six year statute of limitations in § 3731(b)(1), or the three year limitation in § 3731(b)(2)." 68 Fed.App'x. 270, 273 (3d Cir. 2003).  After *Malloy*, the Supreme Court considered an issue in the FCA context involving different appellate filing deadlines when the government is a "party" versus when the government is not involved. U.*S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 936 (2009).  The Court found that the United States is not a party to a privately initiated FCA suit when it declines to intervene, and that private relators are therefore not entitled to a longer appellate filing deadline. *Eisenstein*, 556 U.S. at 937.  District courts in the Third Circuit have applied *Eisenstein's* reasoning to the FCA's statute of limitations provision and found that section 3731(b)(2) does not apply when the United States has declined to intervene. *See, e.g., U.S. ex rel. Bauchwitz v. Holloman*, 671 F.Supp.2d 674, 693–94 (E.D. Pa. 2009) (analyzing *Malloy* and *Eisenstein* to conclude that a private relator cannot "take advantage of a tolling provision applicable only to the government").

There is a split among the Circuit courts which have decided that particular issue. *Compare U.S. ex rel. Sanders v. N. Am. Bus Indus., Inc.*, 546 F.3d 288, 293 (4th Cir. 2008) (holding that the statute of limitations in section 3731(b)(2) only applies in cases where the United States is a party); *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 725 (10th Cir. 2006) (same); *U.S. ex rel Erskine v. Baker*, 213 F.3d 638 (5th Cir. 2000) (unpublished table opinion) (same) *with U.S. ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1216 (9th Cir. 1996) ("[W]e conclude that Congress did not intend to restrict the tolling provisions of the Act to apply to suits brought by the Attorney General alone, but intended the tolling provision to apply to qui tam plaintiffs as well.").

For obvious reasons, Relator Hunt argues, as he must, that the third interpretation should prevail here.  Under the first interpretation, Relator Hunt is right out.  And if this court adopted the second interpretation -- that relators are entitled to take advantage of the longer limitations period provided under section 3731(b)(2), but that the limitations period runs from the date the relator/plaintiff knew or reasonably should have known of the facts material to the right of action -- his claim would be time-barred.  According to his own Complaint, Relator Hunt had knowledge of the alleged fraudulent scheme more than six years before his Complaint was filed.

In hanging his hat on the third interpretation of section 3731(b)(2), Relator Hunt argues that the three-year statute of limitations begins to run when the requisite government official knew (or should have known) of the FCA violation.  He contends this analysis should apply regardless of (1) when the violation occurred and (2) his (*i.e.*, the relator's) knowledge, so long as the complaint is ultimately filed within ten years of the violation.  Notably, however, no Circuit has accepted this tortured interpretation of section 3731(b)(2).  After all, it would extend the limitations period in qui tam actions regardless of how long the relator has known of the material facts.  To be sure, at least one court has held that such a rule is indefensible:

> A statute of limitations that allows the allegedly bound party to extend that period at its whim creates another bizarre result. In every case in which the government's knowledge comes from the relator, the relator would have an extra three years, up to ten years after the violation, to file suit. Thus, the relator could always wait until year seven to alert the government (assuming the government's knowledge comes only from the relator) and then file suit in year ten. As the Fourth Circuit explained, such a resolution would render the six-year limitations period "superfluous in nearly all FCA cases"—violating the "duty to give effect, if possible, to every clause and word of a statute." [*United States ex rel. Sanders v. N. Am. Bus Indus., Inc.*, 546 F.3d 288, 295 (4th Cir. 2008)] (quoting *Duncan v. Walker*, 533 U.S. 167, 174, 121 S. Ct. 2120, 150 L.Ed.2d 251 (2001)).

*Griffith*, 117 F. Supp. 3d at 986; *see also Hyatt*, 91 F.3d at 1218 ("Hyatt cannot have it both ways. If he accepts the benefits of the tolling statute, he must be subject to its restrictions. His duty to act must be triggered by his own knowledge, not the knowledge of others. This

interpretation comports with the legislative scheme of the Act, the purposes of statutes of limitations and the FCA tolling provisions.").

This court finds this reasoning persuasive and for similar reasons rejects Relator Hunt's proposal that this court adopt the third interpretation of section 3731(b). The court need not decide which of the other two interpretations applies[6] here because Relator Hunt's claim is barred under either interpretation.

### III.     Conclusion

For the foregoing reasons, the court holds that Relator Hunt's claims are barred by the FCA's statute of limitations. 31 U.S.C. § 3731(b).

A separate order will be entered.

**DONE** and **ORDERED** this April 28, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[6] The court also finds the reasoning of those courts which have held that the plain text of the FCA supports limiting section 3731(b)(2) to cases in which the government has intervened to be well-founded. *See United States v. Cephalon, Inc.,* 2016 WL 398014, at *6 (E.D. Pa. Feb. 2, 2016); *United States ex rel. Shemesh v. CA, Inc.*, 89 F. Supp. 3d 36, 53 (D. D.C. 2015) ("the Court will follow the majority view that the tolling provision of 31 U.S.C. § 3731(b)(2) does not apply to qui tam relators."); *United States ex rel. Silver v. Omnicare*, 2014 WL 4827410, at *8 (D. N.J. Sept. 29, 2014) ("A plain reading of the statute compels the conclusion that a FCA claim must be filed within six years, or if the U.S. government intervenes, the limitations period is extended for three years"); *United States ex rel. Simpson v. Bayer Corp.,* 2014 WL 1418293, at *12 (D. N.J. April 11, 2014) (applying only the six year limitation period to qui tam action); *United States ex rel. Bauchwitz v. Holloman*, 671 F.Supp.2d 674, 694–95 (E.D. Pa. 2009) ("we conclude that the three-year tolling period in § 3731(b)(2) does not apply in cases where the government does not intervene."). These cases have followed the logic of the Supreme Court in *Eisenstein*, which held that, for the purposes of Federal Rule of Appellate Procedure 4, the United States is not a party to a qui tam FCA action unless it chooses to intervene. *Eisenstein*, 556 U.S. at 937.